IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA ANN MARTYAK, )
)
      Plaintiff, )
)
vs. ) Civil Action No. 3:19-23
)
ANDREW M. SAUL, Acting Commissioner )
of Social Security,[1] )
)
      Defendant. )
)
)

AMBROSE, Senior District Judge

**OPINION**
**and**
**ORDER OF COURT**

**SYNOPSIS**

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 13, 15]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 14, 16]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment and denying Defendant's Motion for Summary Judgment.

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB")

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 18, 2019, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

under Title II of the Social Security Act ("Act"). On or about September 4, 2015, Plaintiff applied for DIB. [ECF No. 8-7 (Ex. 2D)]. In her application, she alleged that since January 21, 2011, she has been disabled due to chronic diarrhea, small intestinal bacterial overgrowth, Barrett's, irritable bowel syndrome, diverticula, depression, anxiety, left shoulder injury, thyroid, and nephrectomy. [ECF No. 8-9 (Ex. 2E)]. Her date last insured is December 31, 2016. [ECF No. 8-2 at 16-17].[2] The state agency denied her claims initially, and she requested an administrative hearing. Administrative Law Judge ("ALJ") John A. Fraser held a hearing on November 21, 2017. Id. at 44-69. Plaintiff appeared at the hearing and testified on her own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 63-68. Plaintiff appeared at the hearing without the assistance of an attorney or other representative. Id. at 45-47.[3] In a decision dated May 25, 2018, the ALJ found that Plaintiff could return to her past relevant work as a general manager and/or that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. Id. at 15-32. Plaintiff requested review of the ALJ's determination by the Appeals Council, but the Appeals Council denied Plaintiff's request for review. Id. at 1-3. Having exhausted all of her administrative remedies, Plaintiff filed this action.

---

[2] To receive DIB, Plaintiff must establish that she became disabled prior to December 31, 2016, the date on which her insured status expired, or "date last insured." 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. § 404.131(a).

[3] The Third Circuit Court of Appeals recognizes that due process mandates that a social security claimant be granted a full and fair hearing. See Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995). It is this right which places a burden upon the ALJ to develop a full and fair record. See id. at 902 (citing Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995) and Smith v. Harris, 644 F.2d 985, 989 (3d Cir. 1981)). This duty is heightened when the claimant is unrepresented at the hearing before the ALJ. See Livingston v. Califano, 614 F.2d 342 (3d Cir. 1980); Dobrowolsky v. Califano, 606 F.2d 403 (3d Cir. 1979); see also Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003). Although Plaintiff does not challenge the validity of her waiver of her right to representation at the hearing, her counsel on appeal asserts that the lack of representation had a significant impact on the presentation of the case below. [ECF No. 14, at 3].

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 13, 15]. The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (U.S. 2019). Substantial evidence has been defined as "more than a mere scintilla." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek, 139 S. Ct. at 1154. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to

last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B. WHETHER THE ALJ PROPERLY EVALUATED THE MEDICAL OPINION EVIDENCE REGARDING PLAINTIFF'S LEFT SHOULDER IMPAIRMENT**

Residual functional capacity ("RFC") refers to the most a claimant can still do despite her limitations. 20 C.F.R. § 404.1545(a). The assessment must be based upon all the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of her own limitations. Id. Ultimately, the responsibility for

4

determining a claimant's RFC rests with the ALJ. 20 C.F.R. §§ 404.1527(d); 404.1546; Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011).

In this case, the ALJ found that Plaintiff had severe impairments, including diverticulitis/irritable bowel syndrome, degenerative disc disease, and osteoarthritis. [ECF No. 8-2, at 18-20]. He then found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 20-21. The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except restroom breaks could be accommodated by the normal schedule of breaks and lunch. [ECF No. 8-2, at 21-30]. The ALJ ultimately concluded that Plaintiff was capable of performing her past relevant work as a general manager. Id. at 30-31. Alternatively, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled within the meaning of the Act. Id.

Plaintiff asserts that the ALJ failed to properly evaluate the medical opinion evidence regarding her left shoulder impairment in formulating Plaintiff's RFC. [ECF No. 14 at 6-11]. Specifically, Plaintiff argues that the ALJ's RFC finding failed to include limitations identified by the Agency's consultative examiner, Ahmad Khan, M.D., and/or that the ALJ erred by failing to explain his reasons for excluding the limitations. Id. After careful consideration, I agree with Plaintiff that remand is necessary on this issue.

The amount of weight accorded to medical opinions is well-established. Generally, the opinions of a claimant's treating physicians are entitled to substantial and, at times, even

controlling weight. 20 C.F.R. § 404.1527(c).[4] To be entitled to controlling weight, however, the treating physician's opinion must be well supported by medical techniques and consistent with the other substantial evidence of record. See Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001). To determine the weight of a treating physician's opinion, the ALJ may consider a number of factors, including consistency, length of treatment, corroborating evidence, and supportability. 20 C.F.R. § 404.1527. As the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. Id. Similarly, under 20 C.F.R. § [404.1527(c)(2)], the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

Becker v. Comm'r of Soc. Sec. Admin., 403 F. App'x 679, 686 (3d Cir. 2010). Although the ALJ may choose who to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 505 (3d Cir. 2009).

Plaintiff contends that the ALJ erred in failing to evaluate the medical opinion evidence from agency consultative examiner, Dr. Khan. [ECF No. 14 at 6-11]. Plaintiff's strongest argument in this regard involves the ALJ's alleged failure to include certain limitations set forth in Dr. Khan's December 2015 opinion in the RFC finding.

---

[4] Although the regulations governing the evaluation of medical evidence were recently amended, the version effective March 27, 2017, does not apply to the present claim. See 20 C.F.R. § 404.1527 (2017); 20 C.F.R. § 404.1520c (2017).

On or about December 15, 2015, Dr. Khan performed a consultative examination of Plaintiff and completed a medical source statement concerning Plaintiff's ability to do work-related activities. [ECF No. 8-16 (Ex. 9F)]. The medical source statement opined, in relevant part, that, due to left shoulder osteoarthritis, Plaintiff could reach, handle, finger, feel, and push/pull only occasionally (up to 1/3 of the day) with her left hand. Id. at 9. The report also documented that Plaintiff had decreased forward elevation, abduction, and adduction in her left shoulder. Id. at 14. Dr. Khan did not impose any limitations pertaining to Plaintiff's right shoulder. Id. at 3-15. In his opinion, the ALJ expressly gave "partial weight" to Dr. Khan's opinion. [ECF No. 8-2 at 29]. In assigning the opinion "partial weight", the ALJ did not expressly discount any of Dr. Khan's opined limitations. Rather, the ALJ noted that "[i]n the light most favorable to [Plaintiff]," he "found *greater* limitations" than Dr. Khan within the RFC and reduced it to the light level of exertion based on Plaintiff's hearing testimony and her history of treatment for her various impairments including osteoarthritis. Id. (emphasis added) (citing Ex. 9F).

As Plaintiff observes, however, the RFC finding does not include any obvious limitations on Plaintiff's ability to reach, handle, finger, feel, or push/pull. See id. at 21. Rather, the RFC simply limits Plaintiff to a full range of light work, with an exception for bathroom breaks.[5] See id. The ALJ's Opinion also fails to mention Dr. Khan's finding that Plaintiff had decreased forward elevation, abduction, and adduction in her left shoulder. Plaintiff correctly argues that the ALJ's

---

[5] The regulations define "light work" as involving:
> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567.

7

RFC finding appears inconsistent with his apparent acceptance of Dr. Khan's limitations. Although the ALJ is entitled to reject limitations that are unsupported by the record, he must provide the reasons for discounting that evidence. Because the ALJ's opinion is unclear as to whether he accounted for all of Dr. Khan's limitations in his RFC finding or rejected some of those limitations in whole or in part, remand is necessary on this issue. On remand, the ALJ must clarify his findings with respect to the limitations on Plaintiff's ability to reach, handle, finger, feel, or push/pull with her left hand contained in Dr. Khan's December 2015 opinion and explain how, if at all, his RFC finding accounts for such limitations.[6]

As Plaintiff notes in her Brief, this error is not harmless. As set forth above, the ALJ found that Plaintiff could perform her past relevant work as a general manager (DOT# 187.167-106), as generally performed. [ECF No. 8-2, at 30]. According to the DOT Selected Characteristics, however, that job requires *frequent* reaching and handling (up to 1/3 – 2/3 of the time), which is more than the *occasional* reaching and handling to which Dr. Khan limited her. See DOT Selected Characteristics at 407 and App'x C-3. Likewise, each of the three jobs in the national economy that the VE listed and the ALJ identified in his alternative step 5 finding – cleaner (DOT #323.687-014), inspector (DOT #559.687-074), and folder (DOT #369.687-018) – also require frequent reaching and handling. See DOT Selected Characteristics at 132, 204, 313. The ALJ did not pose a hypothetical question to the VE incorporating a reaching and handling limitation, and Plaintiff was without the benefit of counsel at the hearing to pose an alternative hypothetical

---

[6] I note that the ALJ found Plaintiff's "left shoulder injury" to be non-severe at step two of his analysis. [ECF No. 8-2, at 18]. He found her osteoarthritis, however, to be a severe impairment. Id. Dr. Khan attributed Plaintiff's left hand limitations to her left shoulder osteoarthritis. [ECF No. 8-16/9]. In any event, the ALJ was required to analyze the limitations caused by both non-severe and severe impairments in constructing his RFC finding. See Kobulnicky v. Astrue, Civil Action No. 11-1349, 2013 WL 1290955, at *7 (W.D. Pa. Mar. 27, 2013); 20 C.F.R. § 404.1545(a)(2).

scenario. For these reasons, it is at best unclear what the impact of Plaintiff's left shoulder limitations as opined by Dr. Khan, if accepted, would have had on Plaintiff's ability to perform her past relevant work or other work existing in the economy. Thus, I cannot hold the ALJ's error harmless and must remand for further consideration of this issue.

In addition to the above omissions regarding Plaintiff's shoulder limitations, the ALJ's opinion plainly misclassifies Plaintiff's age. Specifically, in making his alternative finding that there are other jobs in the national economy that Plaintiff can perform, that ALJ erroneously stated that Plaintiff's age on the date last insured, 55, "is defined as a younger individual age 18-49," when, in fact, the regulations consider age 55 to be "advanced age." See ECF No. 8-2, at 30; 20 C.F.R. § 404.1563. Thus, instead of moving from a "younger person" to a "person closely approaching advanced age" as described by the ALJ, Plaintiff actually transitioned from a "person closely approaching advanced age" (age 50-54) to a "person of advanced age" (age 55 or older). Id. This mistake is relevant because the GRID rules for the category of "advanced age" could result, without transferable skills, in a finding of disabled. See 20 C.F.R. Part 404, Subpart P, Appendix 2; 20 C.F.R. § 404.1563. Because the ALJ did not make findings regarding "transferability" of Plaintiff's job skills, see ECF No. 8-2, at 30, remand is warranted for this reason as well.

For these reasons, and duly considering Plaintiff's unrepresented status below, I conclude the ALJ's RFC finding is not supported by substantial evidence,[7] and remand is necessary for

---

[7] Defendant's brief cites a number of examples he claims support the ALJ's findings, including, inter alia, Plaintiff's alleged representations in her disability application, Plaintiff's treatment history, and other medical records and opinions. [ECF No. 16]. Defendant's arguments in this regard, however, are unhelpful because they fail to address the flaws in the ALJ's discussion of Dr. Khan's opinion and of Plaintiff's age. Further, to the extent Defendant proposes that I consider speculative or *post hoc* rationalizations not listed by the ALJ, such analysis runs contrary to the law. See Fargnoli v. Massanari, 247 F.3d 34, 44 n.7 (3d Cir. 2001).

proper consideration and discussion of the record evidence related to Dr. Khan's opinion regarding Plaintiff's alleged left shoulder limitations and, if applicable, Plaintiff's age and transferability of job skills. In so finding, I do not reach any conclusions as to: the extent of Plaintiff's left shoulder limitations, if any; whether Plaintiff can perform her past relevant work or other work in the economy; and/or the transferability of Plaintiff's job skills. I likewise make no findings as to whether Plaintiff is or is not disabled. I simply find that I cannot properly evaluate the ALJ's opinion on the record before me.[8]

### III. CONCLUSION

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options. It may affirm the decision, reverse the decision and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration. 42 U.S.C. § 405(g) (sentence four). In light of an objective review of all evidence contained in the record, I find that the ALJ's decision is not supported by substantial evidence because, in discussing Plaintiff's RFC, the ALJ failed to adequately address the medical opinion evidence concerning Plaintiff's alleged left-shoulder limitations as set forth more fully herein. The case therefore is remanded for further consideration in light of this Opinion. In remanding on the points herein, I make no findings as to whether Plaintiff is or is not disabled. I simply find that I cannot properly evaluate the ALJ's opinion on the record before me. For these and all of the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied. An appropriate Order follows.

---

[8] Plaintiff also argues that the ALJ failed to fully account for all the limitations related to her irritable bowel syndrome. [ECF No. 14, at 11-19]. Because I am already remanding this case for further proceedings, it is unnecessary to address these contentions in detail at this time. If such additional deficiencies exist, the ALJ will address them on remand.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA ANN MARTYAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 3:19-23 |
| | ) |
| ANDREW M. SAUL, Acting Commissioner of Social Security,[1] | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 2nd day of March, 2020, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment [ECF No. 13] is GRANTED to the extent that Plaintiff seeks remand for further consideration and the matter is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto. Defendant's Motion for Summary Judgment [ECF No. 15] is DENIED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 18, 2019, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).